Dear Mr. Forbes:
In your letter of January 27, 1975, you have requested that this office render an opinion as to whether funds of the State of Louisiana may be used to pay dues in associations and, if so, whether the records of such associations are subject to public inspection and audit.
The Louisiana Constitution of 1974, in Article VII, Section10(D), provides, as follows:
"No appropriation shall be made except for a public purpose."
The Louisiana Constitution of 1974 in Article VII, Section14 reads as follows:
 "Section 14. Donation, Loan or Pledge of Public Credit.
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise. (Emphasis added).
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; (2) contributions of public funds to pension and insurance programs for the benefit of public employees; or (3) the pledge of public funds, credit, property, or things of value for public purposes with respect to the issuance of bonds or other evidences of indebtedness to meet public obligations as provided by law.
Mr. Harold E. Forbes
p. 2.
 "(C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
 "(D) Prior Obligations. Funds, credit, property, or things of the state or of a political subdivision heretofore loaned, pledged, dedicated, or granted by prior state law or authorized to be loaned, pledged, dedicated, or granted by the prior laws and constitution of this state shall so remain for the full term as provided by any contract, unless the authorization is revoked by law enacted by two-thirds of the elected members of each house of the legislature prior to the vesting of any contractual rights pursuant to this section."
The question, therefore, is whether the payment of dues by the State or any of its political subdivisions to an association is prohibited by these sections of the Constitution of Louisiana.
For many years officials and agencies of Louisiana's state and local government have had memberships in national, regional and state associations, and the dues to these associations and the expenses connected with participation in the work of these associations have been paid from appropriated public funds.
Governors' conferences, legislators' conferences and judicial conferences are held annually at which officials meet and exchange ideas and information relative to the operation of their offices. The Council of State Governments, the National Association of Secretaries of State, the National Association of Attorneys General, the National Association of Counties, the National Association of State Departments of Agriculture, the National Association of Auditors, Treasurers and Comptrollers are all associations which were created to serve the public purpose of facilitating the exchange of ideas, programs and solution of public problems common to public officials holding the same office in different states. In addition, parochial officials such as sheriffs, district attorneys, levee board
Mr. Harold E. Forbes
p. 3.
members, school board officials and other state administrative officials have belonged to associations and have attended meetings of these associations. At these meetings, they discuss public problems common to their respective offices. Sheriffs seek to exchange ideas on the best law enforcement procedures. District Attorneys through their association and meetings keep current on criminal law development as it relates to the role of a prosecutor. Levee board members accumulate information with regard to needed levee repairs and improvements and send representatives to Washington to seek funds for Louisiana to implement needed improvements. School board officials meet to discuss problems common to our public schools in an effort to upgrade the education of the state's children.
In addition to holding meetings, associations of these officials provide newsletters and other publications which aid their members in conducting the affairs of their public agencies.
In the case of James v. Rapides Parish Police Jury, (1959),113 So.2d 88, the Court interpreted Article IV, Section 12 of the 1921 Constitution — the source of Article VII, Section 14 of the Louisiana Constitution of 1974. The Court held that where there was nothing in the record from which the Court could establish that money paid by a public body to an association was for services, such payments would amount to a prohibited grant or donation.
To put it conversely, the dictum of the James case is that had there been services rendered to or for the public body by the private associations, the payment by that public body to the association would not have constituted a gratuitous donation prohibited by the constitution. It would have constituted a payment for services.
Courts in other states initially took the position that provisions in their constitutions similar to Article VII, Section 14 (A) in our new Constitution, prohibited the use of public funds for dues to these associations. See City of Phoenix v.Michael, 148 P.2d 353 (Ariz. 1944) (Dues to the Arizona Municipal League).
The courts in other states changed their position when they became convinced that the better, more modern view was that a public purpose was served when, for example, a city could:
Mr. Harold E. Forbes
p. 4.
 ". . . expend some of its funds in a reasonable effort to learn the manner in which complex municipal problems, arising from the operations involving both its governmental and proprietary capacities, are being solved in sister cities of the state, thereby improving the quality of service it renders its own taxpayers." City of Glendale v. White, 194 P.2d 435 (Ariz. 1948), overruling City of Phoenix v. Michael, supra.
We, therefore, must conclude that where a public service is provided and a public purpose is served by state officials and agencies subscribing to membership in associations of public officials and attending conferences of the members of such associations, the payment of dues and conference fees by the public agency to such association is a permissible use of public funds.
By serving a public purpose, the associations may receive appropriated public funds in the form of dues under Article VII, Section 10(D) of the new Constitution. By rendering a public service, the associations are not receiving a donation of public funds prohibited by Article VII, Section 14(A) of the new Constitution.
Each responsible elected state official and each agency or political subdivision of state government has the initial responsibility of determining
 (1) whether or not a public purpose is served
 (2) whether or not public services are received by his or its participation in any particular association and
 (3) whether or not the services performed are commensurate with the amount of the dues paid by the public agency to the association.
However, as with the expenditure of all public funds, the final accountability is to the source of the funds, the people and their representatives. To this end, the legislature created the Legislative Auditor.
Mr. Harold E. Forbes
p. 5.
R.S. 49:427(A) requires that "all . . . public or quasi-public agencies or bodies or political subdivisions of the state, whose books and accounts are not required to be audited by the legislative auditor, . . . shall cause to be conducted annually by a duly qualified certified public accountant an audit and examination of their books and accounts, and shall file the same with the office of the legislative auditor, within six months after the close of the fiscal year."
Quasi-public bodies are those bodies which are not strictly private bodies. Strictly private bodies are those whose "direct objective is to promote private interests, and in which the public has no concern, . . . which derives nothing from government, except perhaps the right to be corporations . . ." State v.Riverside Irrigation Co., 76 So. 216, 218 (1917).
If an association which has as its members officials of the state or its political subdivisions, receives as its primary source of income dues paid from appropriated public funds, and serves a public purpose and renders a public service as it must to receive such appropriated public funds, then such an association is, in our opinion, a quasi-public body.
In support of this conclusion, we wish to point out that the Louisiana Legislature has adopted several provisions which recognize certain intrastate associations; Louisiana Sheriffs' Association, R.S. 33:1422; Levee Board Association, R.S. 38:285, 285.1; Louisiana Municipal Association, R.S. 33:7311; Louisiana Police Jury Association, R.S. 42:1002, R.S. 33:6191. The fact that these statutes empower officers of these associations to serve on public retirement fund boards buttresses the conclusion that these associations, and others like them, are quasi-public bodies.
Additionally, the Legislature in Senate Concurrent Resolution No. 35 of 1974 stated that the authorization of the legislative auditor extends to the accounts of private firms and individuals concerning expenditure of public funds for reports and studies. This buttresses the conclusion that the duty of the legislative auditor is to monitor the expenditure of public funds.
Another conclusion flows when an association has as its primary source of income dues paid from public funds by public officials or agencies as membership subscriptions, and serves a public purpose
Mr. Harold E. Forbes
p. 6.
and renders a public service. We are compelled to conclude that these facts would bring such an association under the general prohibitions on use of public funds found in the Constitution and laws of Louisiana.
For example, such an association would be prohibited under Article VII, Section 14(A) of the new Constitution from loaning or donating their funds to private persons. Such a loan or donation would be doing indirectly with state funds what is clearly prohibited directly. It is axiomatic that such indirect loans or donations are prohibited if direct loans or donations are prohibited.
In summary then, this office is of the opinion that associations may receive public funds in the form of dues paid by state officials and agencies for membership in an association, provided that the association serves a public purpose and renders a public service and provided the service rendered is commensurate with the amount of dues paid. In addition, the funds received must be used within the prohibitions on the use of state funds found in the Constitution and laws of Louisiana. By receiving such public funds the association becomes obligated to submit its annual audit to the Legislative Auditor as set out in R.S. 49:427(A).
We feel compelled to these conclusions under the law of Louisiana as presently written. It is, of course, the prerogative of the Legislature to change the law if that is its will and a change in the law upon which this opinion is based would change the conclusions of the opinion.
If we can be of any further assistance, please advise.
Yours very truly,
 WILLIAM J. GUSTE JR. Attorney General
WJG, jr:ab
State of Louisiana
DEPARTMENT OF JUSTICE WILLIAM J. GUSTE, JR. BATON ROUGE Telephone: ATTORNEY GENERAL 70804 504-342-7013